UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

SANDEEP VINAYAK

DEBTOR

CHAPTER 11

CASE NO. 1-22-40641-jmm

JUDGE: Jil Mazer-Marino

## SECOND AMENDED OBJECTION TO CONFIRMATION

Robert W. Griswold, Esq., an attorney admitted to practice in this Court, affirms the following under penalty of perjury:

1. I am an associate with LOGS Legal Group LLP, attorney for Wells Fargo Bank, N.A. as Servicing Agent for Wells Fargo Bank, N.A., ("Wells Fargo") and am familiar with the facts and circumstances surrounding this matter.

2. Wells Fargo holds a mortgage on the Debtor's real property known as 84-23 256th Street, Floral Park, NY 11001 (the "Property").

3. On April 21, 2022, Wells Fargo filed a Proof of Claim reflected on the claims register as claim number 1-1, reflecting a total claim of $256,151.06 and pre-petition mortgage arrears in the amount of $2,131.73 (the "Wells Fargo Claim").

4. On November 2, 2022, the Debtor filed a proposed Second Amended Chapter 11 Plan of Reorganization under subchapter 5 (the "Proposed Plan").

5. Wells Fargo is classified as Class 2 in the Proposed Plan.

6. The Plan Treatment in Class 2 is listed as unimpaired and is to be paid per contractual obligations.

7. The Proposed Plan is silent with respect to the pre-petition arrears listed in the Wells Fargo Claim. Wells Fargo proposes that the Debtor should cure the pre-petition arrears in full as a pre-condition to confirmation and then maintain contractual payments.

8. The Debtor's plan miscategorized Wells Fargo's claim as unimpaired, and this has not been corrected in the amended plan. The Debtor's plan does not adequately treat Wells Fargo.

9. Wells Fargo also requests language requiring the Debtor to be current to Wells Fargo at Confirmation.

10. Additionally, Wells Fargo requests language in the plan providing for the stay to lift upon confirmation.

11. The Debtor is not proposing to cure significant pre-petition arrears to Wells Fargo through the Plan. Instead, the Debtor is merely seeking to maintain the ongoing payments on a loan that was current as of the petition date except for a pre-petition escrow shortage.

12. Counsel for Wells Fargo suggests that making it clear that the stay is lifted on confirmation. The Plan as drafted has no default provisions.

13. If the Plan is administratively closed while the Debtor pays the OSK claim, should the Debtor default to Wells Fargo post confirmation on the Loan, Wells Fargo would presumably need to reopen the administratively closed case and then move for dismissal of the plan due to the default.

14. Instead, it would be preferable for all parties if Wells Were merely permitted to handle any post-confirmation default directly with the Debtor in state court.

**WHEREFORE**, the undersigned respectfully requests the Debtor to amend their Chapter 11 Plan to reflect the proper mortgage arrears as specified earlier or, in the absence of an amendment to the Plan, the undersigned respectfully requests an Order of this Court denying confirmation of Chapter 13 Plan pursuant to Bankruptcy Code Section 1325 and such other and further relief as may be just and proper.

Dated: November 18, 2022
       Merrick, NY

                                        /s/ Robert W. Griswold
                                        Robert W. Griswold
                                        LOGS Legal Group LLP
                                        Attorneys for Wells Fargo Bank, N.A. as Servicing Agent for Wells Fargo Bank, N.A.
                                        175 Mile Crossing Boulevard
                                        Rochester, New York 14624
                                        Telephone: (585) 247-9000
                                        Fax: (585) 247-7380

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 18, 2022, a copy of the Second Amended Objection to Confirmation was caused to be deposited in an enclosed, properly addressed post-paid envelope, and served by ordinary U.S. Mail, postage prepaid, and/or electronically upon the following:

Debtor
Sandeep Vinayak
84-23 256th Street
Floral Park, NY 11001

Attorney for Debtor
Karamvir Dahiya, Dahiya Law Offices, LLC
karam@bankruptcypundit.com

Trustee
Salvatore LaMonica, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793

Dated: November 18, 2022
Merrick, NY

/s/ Robert W. Griswold
Robert W. Griswold
LOGS Legal Group LLP
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380
Email: logsecf@logs.com

21-089521