**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X Case No. 22-40641-JMM

IN RE:

          Sandeep Vinayak                   Chapter 11

               Debtor.
-------------------------------------------------------------X

## ORDER CONFIRMING THE DEBTOR'S
## SUBCHAPTER V PLAN OF REORGANIZATION

      This matter came before the Court on February 15, 2023 (the, "Hearing"), to consider confirmation of the Third Amended Plan (the "Plan") (ECF. No. 60 filed on December 9, 2022 by the Debtor Sandeep Vinayak (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented at the Hearing as well as the record of this case, including: (i) the confirmation affidavit of the Debtor (ECF No. 66), (ii) the certificate **as to balloting** ~~of proponent of plan~~ **(JMM)** (ECF No. 67), (iii) the supporting statements by the Sub V Trustee, Salvatore LaMonica, Esq., and statements made by the counsel for the creditor OSK IX LLC, as well as the United States Trustee at the Hearing upon the Record of the Hearing , the transcript of which is incorporated herein. The Court, having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to the Plan have been filed, after notice and a hearing, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

      A.    **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

      B.    **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

      C.    **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 59) (the "Confirmation Hearing Order") were served upon all

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

1

creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. Present at the hearing were Karamvir Dahiya, counsel for the Debtor; Salvatore LaMonica, the Sub V Trustee; Jeremy S. Sussman, the United States Trustee Office; the counsel for OSK IX LLC. No parties timely objected to confirmation of the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan provides adequate means for the Plan's implementation. The Debtor already having made payment to the largest creditor, OSK IX LLC. And payment for the Sub V trustee fees having with escrowed the counsel for the Debtor. And the Debtor having shown his ability to afford the underlying Plan as feasible, proves that the Debtor has wherewithal to implement the provision s of the Plan.

J. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of

creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

L. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

M. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

N. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan does not provide for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan as the Plan is a consensual Plan. However, future earning and or future income of the will continue to be under the supervision and control of the Subchapter V Trustee with respect to consensual plans confirmed under section 1191(a) up to the point that the service of the trustee is terminated upon substantial consummation.

O. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a). With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection

with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

5. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

6. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that all claims entitled to priority shall be paid within a month of the effective date of the plan or as agreed upon by the parties or as directed by the Court.

7. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

8. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

9. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Plan is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, and any creditor, whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor, has accepted the Plan.

3. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

6. **Disbursing Agent**. Dahiya Law Offices, LLC as counselor and escrow agent for the Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan by and from the funds deposited with the said escrow account. And such payments are to be made only after the effective date of the Plan.

7. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

10. **Service of Confirmation Order**. Dahiya Law Offices LLC is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

11. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation and the occurrences of the Effective Date. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.

13. **Jurisdiction**. The Bankruptcy Court ~~shall~~ **may (JMM)** continue to retain jurisdiction over the Debtor, the Case and to:

   a. **Hear and resolve post-confirmation objections;**
   b. **Hold status conferences; (JMM)**
   c. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan;
   d. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;
   e. Adjudicate objections to claims;
   f. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;
   g. Adjudicate modifications of the Plan under 11 U.S.C. § 1193;

  h. Entertain and adjudicate any claims pertaining to the employment, compensation of the professionals retained or to be retained by the Debtor;

  i. Review and consider issues associated with the Debtor's final report and to enter a final decree; and

  j. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.



Dated: April 16, 2023
  Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge